ORIGINAL

FILED
MAY 1 2 2004
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Carpenter Contracting, Inc.,

Plaintiff,

v.

Appeal No. 04- 830C

United States,

Defendant.

**COMPLAINT**

**Parties and Jurisdiction**

Carpenter Contracting, Inc. "Carpenter" was awarded Corps of Engineers Contract no. DACW66-97-C-0052 for the replacement of the east levee at the Naval Support Activity Center (previously known as the Naval Air Station Memphis) in Millington, Shelby County, Tennessee, project no. DACW66-97-B-0035 (the "Contract" and the "Project").

During the Project, Carpenter was required to perform extra work, delayed, disrupted, and causing Carpenter extra costs for which Carpenter should have been granted equitable adjustments increasing the Contract price and extending the Contract time.

Carpenter timely submitted certified claims for additional compensation and additional Contract time to the Contracting Officer, on or about October 11, 1999. A copy of Carpenter's certified claim is attached marked as Exhibit A.

The Contracting Officer has never issued a final decision on Carpenter's certified

ORIGINAL

claim.

The Court of Federal Claims has jurisdiction over Carpenter's claims pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq.

**Count I. Sub-surface Buried Debris**

Carpenter realleges and incorporates the averments set forth above in paragraphs 1 through 5.

During the Project, Carpenter encountered buried subsurface debris within the excavation template.

The buried subsurface debris caused Carpenter extra work, additional costs, and delays.

Under the terms of the Contract, Carpenter was entitled to an equitable adjustment of the Contract price and time for the buried sub-surface debris, and Carpenter timely submitted a certified claim for an equitable adjustment for the buried subsurface debris.

The Government breached the Contract by failing to equitably adjust the Contract time and price for the buried subsurface debris.

Carpenter is entitled to judgment equitably compensating Carpenter for the time and cost impact of the buried subsurface debris, in the amounts shown in ADR proceedings, or at trial, and believed to be $39,963.00.

**Count II. Destruction of Safety Fence and Grade Stakes and Flags**

Carpenter realleges and incorporates the averments set forth above in paragraphs 1 through 5.

During the Project, base residents destroyed safety fence and grade stakes and flags installed by Carpenter under the Contract.

As a result, Carpenter was required to re-install the safety fence, and reset the grade stakes and flags.

Under the terms of the Contract, Carpenter was entitled to an equitable adjustment of the Contract price and time for the delays and extra costs resulting from the destruction of its safety fence and grade stakes and flags.

The Government breached the Contract by failing to equitably adjust the Contract price and Contract time for the impact of the base residents' destruction of Carpenter's safety fence, grade stakes, and flags.

Carpenter is entitled to judgment equitably compensating Carpenter for the time and cost impact of base resident's destruction of Carpenter's safety fence, grade stakes, and flags, in the amounts shown in ADR proceedings, or at trial, and believed to be $13,438.00.

**Count III. Embankment Quantities**

Carpenter realleges and incorporates the averments set forth above in paragraphs 1 through 5.

During the Project, Carpenter was required to perform additional embankment work on the levee, as the result of settlement, bulging, spreading, and errors in the Contract documents.

Under the terms of the Contract documents, and the *Spearin* Doctrine, Carpenter was entitled to an equitable adjustment of the Contract time and price for the delays and

extra costs associated with the additional embankment work.

The Government breached the Contract by failing to equitably adjust the Contract price and the Contract time for the additional embankment work.

Carpenter is entitled to judgment equitably compensating Carpenter for the cost and time impact of the extra embankment work, in the amounts shown in ADR proceedings or at trial, and believed to be $30,685.00.

**Count IV. Grade Changes in Excavation Area**

Carpenter realleges and incorporates the averments set forth above in paragraphs 1 through 5.

During the Project, the Government lowered the final grade in the on site excavation area two times, in attempts to overcome the errors in the Contract documents and generate additional borrow for use in the levee embankment.

As a consequence of the lowering of the final grade in the on-site excavation area, Carpenter was required to perform additional fine grading, additional survey work, and lost production.

Under the terms of the Contract, and the *Spearin* Doctrine, the Government should have equitably adjusted the Contract time and price to compensate Carpenter for the time and cost impacts of the changes to the final grade in the on-site excavation area.

The Government breached the Contract by failing to equitably adjust the Contract for the time and cost impact of the grade changes in the on-site excavation area.

Carpenter is entitled to judgment equitably compensating Carpenter for the cost and time impact of the grade changes in the on-site excavation area, in the amounts show

in ADR proceedings or at trial, and believed to be $14,890.00.

**Count V. Off-site Borrow**

Carpenter realleges and incorporates the averments set forth above in paragraphs 1 through 5.

Because of the settlement, bulging, and spreading of the embankment, and the errors in the Contract documents, the available quantity of on-site borrow was not sufficient to complete the levee, even after the Government lowered the final grade in the on-site excavation area two times.

As a result, Carpenter was required truck off-site borrow to the site to complete the levee.

Under the terms of the Contract, and the *Spearin* Doctrine, the Government should have equitably adjusted the Contract price and time to fully compensate Carpenter for the time and cost impact of trucking off-site borrow to the site.

The Government breached the Contract by failing to equitably adjust the Contract time and price for the impact of trucking in off-site borrow to complete the levee.

Carpenter is entitled to judgment equitably compensating Carpenter for the cost and time impact of the off-site borrow embankment, as shown in ADR proceedings or at trial, and believed to be $38,234.00.

**Count VI. Additional Aggregate Base**

As a proximate result of the errors in the Contract documents, Carpenter was required to furnish, compact, and grade extra aggregate base, and regrade and recompact the aggregate base, in the roadbed along the top of the levee.

Under the terms of the Contract, and the *Spearin* Doctrine, the Government should have equitably adjusted the Contract time and price to compensate Carpenter for the cost and time impact of the extra aggregate base work for the roadbed along the top of the levee.

The Government breached the Contract by failing to equitably adjust the Contract time and price for the impact of the extra aggregate base work.

Carpenter is entitled to judgment equitably compensating Carpenter for the cost and time impact of the extra aggregate base work on the Project, as shown in ADR proceedings or at trial, and believed to be $33,001.00.

**Count VII. Repairs to Haul Roads**

The Contract documents designated certain roads as haul roads for the Contractor's use.

During the Project, Carpenter hauled legal loads over the designated haul roads, and the designated haul roads proved to be incapable of supporting the legal loads hauled by Carpenter.

The Government required Carpenter to perform repairs to the haul roads, and the Government should have equitably adjusted the Contract price and time for the repair work to the haul road.

The Government breached the Contract by directing Carpenter to repair the haul roads and refusing to grant Carpenter an equitable adjustment for this work.

Carpenter is entitled to judgment equitably compensating Carpenter for the cost and time impact of repairing the haul roads, as shown in ADR proceedings or at trial, and

believed to be $7,018.00.

**Count VIII. Remission of Liquidated Damages**

During the Project, the Government assessed 92 days of liquidated damages for delayed completion against Carpenter at the rate of $365.00/day.

Because of the errors in the Contract documents and the extra work that Carpenter was required to perform, Carpenter's delayed completion was excusable.

The Government should have equitably adjusted the Contract time for all of the days of delayed completion, and the Government breached the Contract by failing to do so.

Carpenter is entitled to an extension of the Contract time for all 92 days of delay for which the Government assessed liquidated damages, and judgment for the amount of liquidated damages the Government withheld, and believed to be $33,580.00.

**Count IX. Extended Overhead (Eichleay Calculation)**

For the reasons set forth above, Carpenter experienced extended overhead for which the Government should have granted Carpenter an equitable adjustment.

The Government breached the Contract by failing to grant Carpenter an equitable adjustment for extended overhead costs on this project.

Carpenter is entitled to judgment equitably compensating Carpenter for the extended overhead costs that Carpenter incurred in relation to this Project, as shown in ADR proceedings or at trial, and believed to be $37,597.00.

Wherefore, Carpenter respectfully requests the following relief:

On Count I, judgment granting Carpenter damages or an equitable adjustment of the Contract price and time for the buried subsurface debris, in the amounts shown in ADR proceedings or at trial;

On Count II, judgment granting Carpenter damages or an equitable adjustment of the Contract price and time for the repair and replacement of the safety fence and grade stakes and flags;

On Count III, judgment granting Carpenter damages or an equitable adjustment of the Contract price and time for the additional embankment work;

On Count IV, judgment granting Carpenter damages or an equitable adjustment of the Contract price and time for the changes to the final grades in the on-site excavation area;

On Count V, judgment granting Carpenter damages or an equitable adjustment of the Contract price and time for the off-site borrow;

On Count VI, judgment granting Carpenter damages or an equitable adjustment of the Contract price and time for the additional aggregate base work;

On Count VII, judgment granting Carpenter damages or an equitable adjustment of the Contract price and time for the repair work to the haul roads;

On Count VIII, judgment granting Carpenter damages or an equitable adjustment of the Contract price for the extended overhead expense that Carpenter incurred in relation to this Project;

Together with interest, costs, attorney's fees as allowed by the Equal Access to Justice Act, and such other and further relief as the Court finds appropriate.

This 11th day of May, 2004.

Respectfully submitted,

James Walton Copeland, Esq.
SMITH, CURRIE & HANCOCK LLP
2600 Harris Tower-Peachtree Center
233 Peachtree Street, NE
Atlanta, GA 30303-1530
Telephone: 404-521-3800
Facsimile: 404-688-0671

 2903 CAR49C
Carp / Mill

**CARPENTER CONTRACTING, INC.**
**P.O. Box 626**
**242 Woodland Heights Road**
**Robbinsville, NC 28771**

**Phone: (828) 479-2282** **Fax: (828) 479-9178**

October 11, 1999

Ms. Glenda C. Tackett
Contracting Officer
Memphis District, Corps of Engineers
167 N. Main St., B202
Memphis, TN 38103-1894

CERTIFIED MAIL
RETURN RECEIPT

SUBJECT: Contract No. DACW66-97-C-0052, East Levee Replacement and Roadway Construction & Realignment at the Naval Support Activity Memphis, Millington, Shelby Co., TN - CLAIMS

Dear Ms. Tackett:

Reference is made to Contract Clauses 52.233-1 Disputes, 52.236-2 Differing Site Conditions, and 52.243-4 Changes. Reference is also made to our correspondence to Mr. Donald Tutor advising him of Differing Site Conditions, Changes, Disputes and Time Extensions dated as follows:

May 13, 1998
May 14, 1998
May 20, 1998
May 26, 1998 (3 letters this date)
June 2, 1998 (2 letters this date)
October 20, 1998
October 27, 1998
October 28, 1998 (2 letters this date)
November 11, 1998
January 21, 1999

We are submitting our Claims for the following items, which are still unsettled and disputed:

1. Sub-Surface Buried Debris
2. Repairing Safety Fence/Re-Setting Grade Stakes
3. Embankment Quantities
4. Lowering Excavation Area Elevation Twice
5. Off-Site Borrow
6. Additional Aggregate Base
7. Repair Haul Roads
8. Release of Liquidated Damages
9. Extended Overhead

Each of these Claims and costs are itemized on separate sheets which are attached.

I certify that the Claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the Contract adjustment for which the Contractor believes the Government is liable; and that I am duly authorized to certify the Claim on behalf of the Contractor.

R. L. Carpenter, President

We are requesting to meet with you and your Representatives to discuss these Claims if you think such a meeting would be beneficial to both parties. Please comply with the provision of the Disputes Clause if you do not choose to meet. Our losses have been very substantial on this Contract, and we do not want to waste time or money on travel expense if you do not feel such a meeting would be beneficial to both the Government and Carpenter Contracting, Inc.

Sincerely,

R. L. Carpenter, President
CC: Robert Fleming, Smith & Fleming, Atlanta, GA
Enclosures

Contract No. DACW66-97-C-0052, East Levee Replacement and Roadway Construction and Realignment, Millington, TN

## SUMMARY OF CLAIMS

| CLAIM # | DESCRIPTION | AMOUNT | TIME EXTENSION |
|---|---|---|---|
| 1 | Sub-surface Buried Debris | $39,963.00 | 28 |
| 2 | Repairing Safety Fence/Re-setting Stakes | 13,438.00 | 10 |
| 3 | Embankment Quantities | 30,685.00 | 20 |
| 4 | Lowering Elev. Excavation Area Twice | 14,890.00 | 10 |
| 5 | Off-Site Borrow | 38,234.00 | 30 |
| 6 | Additional Aggregate Base | 33,001.00 | 15 |
| 7 | Repair Haul Roads | 7,018.00 | 2 |
| 8 | Release of Liquidated Damages | 33,580.00 | |
| 9 | Extended Overhead | 37,597.00 | |
| | TOTAL AMOUNT OF CLAIMS | $248,406.00 | 115 |

Contract No. DACW66-97-C-0052, East Levee Replacement and Roadway Construction and Realignment, Millington, TN

CLAIM #1
Subsurface Buried Debris on Site Excavation Area – Differing Site Conditions

Additional Cost Labor & Equipment

| | | |
|---|---|---|
| Labor – 950 hrs @ $15.13 | | $14,374.00 |
| Equipment Hauling on Site – 250 hrs @ $7.50 | | 1,875.00 |
| Equipment Load and haul off Site – 150 hrs @ $45.00 | | 6,750.00 |
| Lost Time Equipment Idle – 200 hrs @ $50.19 | | 10,028.00 |
| | | $33,027.00 |
| | 10% Overhead | 3,303.00 |
| | | $36,330.00 |
| | 10% Profit | 3,633.00 |
| TOTAL AMOUNT OF CLAIM | | $39,963.00 |

PLUS 28 DAY TIME EXTENSION

Contract No. DACW66-97-C-0052, East Levee Replacement and Roadway Construction and Realignment, Millington, TN

CLAIM #2
Additional Cost Due to Base Residents Destroying Safety Fence and Re-establishing Grade Stakes and Flags.

This is a Differing Site Condition since housing on West side of Project was mostly vacant when Project was bid.

Additional Cost Labor & Equipment

| | | |
|---|---|---|
| Labor – Safety Fence – 300 hrs @ $15.13 | | $4,539.00 |
| Equipment Truck ½ Ton 4 x 4- 100 hrs. @$7.50 | | 750.00 |
| Labor Replacing Survey Stakes – 200 hrs @ $15.13 | | 3,026.00 |
| Pickering Engineers – 31 hrs. @ $90.00 | | 2,790.00 |
| | | $11,105.00 |
| | 10% Overhead | 1,111.00 |
| | | $12,216.00 |
| | 10% Profit | 1,222.00 |
| TOTAL AMOUNT OF CLAIM | | $13,438.00 |

PLUS 10
DAY TIME EXTENSION

Contract No. DACW66-97-C-0052, East Levee Replacement and Roadway Construction and Realignment, Millington, TN

CLAIM #3
Variations Embankment Quantities Due to Settlement, Bulging, Spreading or Errors in Contract Documents.

| | | |
|---|---|---|
| PAID Compacted Fill - | 6,389 CY | |
| PAID Semi-Compcted Fill – | 20,201 CY | |
| | 26,590 CY plus 18% Shrinkage = 31,376.2 CY | |

| | |
|---|---|
| Original Plan Quantity – Borrow Area On Site | 26,572 CY |
| Lowering Borrow Area 2 Ft. | 13,000 CY |
| Truck haul Borrow Off Site | 2,605 CY |
| | 42,177 CY |
| Less Required Non Compacted Embankment | <31,376> CY |
| Unaccountable Embankment | 10,801 CY |
| Less Shrinkage 18% | < 1,944 CY |
| Unaccountable Compacted Embankment | 8,857 CY |
| Less Compacted Embankment PAID | 6,389 CY |
| Semi-Compacted Embankment | 2,468 CY |

Compacted Embankment 6,389 CY less truck haul borrow pit compacted embankment of 2,136 CY = 4,253 CY On Site.

| | |
|---|---|
| Semi Compacted Embankment – 2,468 CY @ $3.30 | $ 8,144.00 |
| Compacted Embankment – 4,253 CY @ $5.30 | 22,541.00 |
| TOTAL AMOUNT OF CLAIM | $30,685.00 |

Plus 20 DAY TIME EXTENSION

(This Claim does not include trucked borrow pit embankment.)

TOTAL AMOUNT OF CLAIM $39,963.00

PLUS 28 DAY TIME EXTENSION

Contract No. DACW66-97-C-0052, East Levee Replacement and Roadway Construction and Realignment, Millington, TN

CLAIM #4
Lowering elevation of On Site Excavation area by one foot – twice. Requiring additional time with labor and equipment due to shortage of On Site Embankment. Requiring additional fine grading and survey work, plus reduced production of equipment.

Additional Cost Labor & Equipment

| | |
|---|---|
| Excavator – 75 hrs @ $38.00 | $2,850.00 |
| Dozer – 95 hrs @ $28.00 | 2,660.00 |
| Trucks Hauling – 20 hrs @ $45.00 | 900.00 |
| Labor – Operators – 170 hrs @ $15.13 | 2,572.00 |
| Additional Survey Labor – 180 hrs @ $15.13 | 2,723.00 |
| Truck 4 x 4 – 80 hrs @ $7.50 | 600.00 |
| | $12,305.00 |
| 10% Overhead | 1,231.00 |
| | $13,536.00 |
| 10% Profit | 1,354.00 |
| TOTAL COST OF CLAIM | $14,890.00 |

PLUS 10 DAY TIME EXTENSION

Contract No. DACW66-97-C-0052, East Levee Replacement and Roadway Construction and Realignment, Millington, TN

CLAIM #5
Off Site Borrow Embankment trucked to Site, due to settlement or errors in Contract Documents.
Not enough embankment On Site after excvation area was lowered Two Feet.
Hauled Off Site borrow embankment to Site from 7/21/98 thru 8/31/98.

Additional Cost Off Site Borrow Embankment

| | |
|---|---|
| Moving Equipment | $ 750.00 |
| Equipment | 14,017.50 |
| Labor | 2,995.74 |
| Cross Sections Pit | 540.00 |
| Material Cost | 1,302.50 |
| Survey Cross Sections Levee – 3.5 hrs @ $75.00 | 262.50 |
| Survey Cross Sections Levee – 33.5 hrs @ $90.00 | 3,015.00 |
| Office Work – Quantities – Pickering | 8,715.00 |
| | $31,598.24 |
| 10% Overhead | 3,159.82 |
| | $34,758.06 |
| 10% Profit | 3,475.81 |
| TOTAL COST OF CLAIM | $38,233.87 |

PLUS 30 DAY TIME EXTENSION

Contract No. DACW66-97-C-0052, East Levee Replacement and Roadway Construction and Realignment, Millington, TN

CLAIM #6:
Additional Aggregate Base, Original Plan Quantity - 1,100 CY. Revised Plan Quantity due to error in Original Quanity – 1,406 CY, An increase of 21.76 per cent, based on theoretical grade.

Pay Item does not state that Aggregate Base will be paid on theoretical grades. We incurred Bulging, spreading and settlement of embankment due to hauling, shaping and compacting the 6 inch aggregate base. The Government Inspector and our personnel had checked embankment slopes, roadway and shoulder widths and surface elevations, and they checked within allowed tolerance. All stone was trucked over completed embankments and slopes or widths could not be re-worked due to spreading, bulging, and settlement after aggregate base was placed. Part of this settlement was caused by the Government reducing the compacted embankment thickness from 24 inches to 18 inches, with this compacted embankment placed over several feet of semi-compacted embankment. We had to keep adding aggregate base to bring low areas back to grade after days of hauling due to spreading, bulging and settlement. This aggregate base was placed from October 1, 1998 thru October 28, 1998.

| | | |
|---|---|---|
| Purchased 3,559.10 Tons – Cost $45,243.43 | | |
| | 1.5 Tons = 1 CY = | 2,372.7 CY |
| | 18% Shrinkage | - 427.1 CY |
| | | 1,945.6 CY = $23.25 Cost per CY |
| Estimated Waste 3' x 4340' x .1667' - | | -80.4 CY |
| | | 1,865.2 CY |

| | |
|---|---|
| Stone Cost | $45,243.43 |
| Labor Cost | 6,241.00 |
| Equipment Cost | 9,412.00 |
| | $60,896.43 |
| 10% Overhead | 6,089.64 |
| | $66,986.07 |
| 10% Profit | 6,698.61 |
| 1,945.6 = 37.87 CY | $73,684.68 |
| Approx. Waste 80.4 CY @ 37.87 | - 3,044.75 |
| | $70,639.93 |
| Paid by COE – 1406 CY | 37,638.52 |
| TOTAL AMOUNT OF CLAIM | $33,001.41 |

PLUS 15 DAY TIME EXTENSION

Contract No. DACW66-97-C-0052, East Levee Replacement and Roadway Construction and Realignment, Millington, TN

CLAIM #7
Repair Contract designated haul roads. These haul roads were desiginated by the Contract Documents for hauling of materials to Contract Area. The Contract Documents did not state that Designated haul roads would not support legal loads as allowed by Tennessee Department of Transportation. We hauled all legal loads on designated haul roads.

Additional Cost

| | |
|---|---|
| Invoice – Dodson Paving | $5,800.00 |
| 10% Overhead | 580.00 |
| | $6,380.00 |
| 10% Profit | 638.00 |
| TOTAL AMOUNT OF CLAIM | $7,018.00 |

PLUS 2 DAY TIME EXTENSION

Contract No. DACW66-97-C-0052, East Levee Replacement and Roadway Construction and Realignment, Millington, TN

CLAIM #8
Release of Liquidated Damages Presently withheld. We are entitled to 115 days time extension on Claims Numbers 1 thru 7..

92 Days @ $365.00 per day = $33,580.00

TOTAL AMOUNT OF CLAIM $33,580.00

Contract No. DACW66-97-C-0052, East Levee Replacement and Roadway Construction and Realignment, Millington, TN

CLAIM #9

Extended Overhead

Total Revenue $254,459/$1,065,510 = .23881 per cent

G & A $149.319 x .23881 = $35,659/279 days = $127.88 Per Day

Additional Cost: 294 Days @ $127.88 per Day = $37,596.72

| | |
|---|---|
| TOTAL AMOUNT OF CLAIM | $37,597.00 |