IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CARPENTER CONTRACTING, INC. | ) | |
| Plaintiff, | ) | No. 04-830C |
| v. | ) | (Judge Lynn J. Bush) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows[1]:

**Parties and Jurisdiction**

1. Admits.

2. The allegations contained in paragraph 5 constitute a conclusion of law for which no answer is required; to the extent that they may be deemed an allegation of fact, they are denied.

3. Admits that the allegation that Carpenter "submitted certified claims for additional compensation and additional Contract time to the Contracting Officer, on or about October 11, 1999" to the extent supported by the document cited, which is the best evidence of its contents. The allegation contained in the first sentence of paragraph 3 that this submission was "timely" constitutes a conclusion of law for which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied. Admits the allegation in the second sentence of paragraph 3 to the extent support by the document cited, which is

[1] Carpenter Contracting, Inc. did not number the paragraphs of its complaint. Nevertheless, for the Court's convenience, the United States responds as if the substantive paragraphs were numbered sequentially.

the best evidence of its contents.

4. Admits.

5. The allegation contained in paragraph 5 constitutes a conclusion of law for which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied.

**Count I. Sub-surface Buried Debris**

6. Defendant's responses to paragraphs 1 through 5 of the complaint are incorporated by reference.

7. Denies.

8. The allegations contained in paragraph 8 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. The allegation that "Under the terms of the Contract, Carpenter was entitled to an equitable adjustment of the Contract price and time for the buried sub-surface debris" constitutes plaintiff's characterization of its case and a conclusion of law to which no response is required; to the extent it may be deemed allegations of fact, it is denied. Admits the allegation that Carpenter "submitted a certified claim for an equitable adjustment for the buried subsurface debris" to the to the extent support by the document cited, which is the best evidence of its contents. The allegation that this submission was "timely" constitutes a conclusion of law for which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied.

10. The allegations contained in paragraph 10 constitute

conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

11. The allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**Count II. Destruction of Safety Fence and Grade Stakes and Flags**

12. Defendant's responses to paragraphs 1 through 5 of the complaint are incorporated by reference.

13. Denies the allegation contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

14. Denies the allegation for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

15. The allegations contained in paragraph 15 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law and plaintiff's characterization of its case

to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**Count III. Embankment Quantities**

18. Defendant's responses to paragraphs 1 through 5 of the complaint are incorporated by reference.

19. The allegations contained in paragraph 19 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**Count IV Grade Changes in Excavation Area**

23. Defendant's responses to paragraphs 1 through 5 of the complaint are incorporated by reference.

24. Denies.

25. Denies.

26. The allegations contained in paragraph 26 constitute

conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**Count V. Off-site Borrow**

29. Defendant's responses to paragraphs 1 through 5 of the complaint are incorporated by reference.

30. The allegations contained in paragraph 30 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

31. Admits the allegation that Carpenter brought off-site borrow material by truck to complete the levee; otherwise denies the allegations in paragraph 31.

32. The allegations contained in paragraph 32 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute conclusions of law and plaintiff's characterization of its case

to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**Count VI. Additional Aggregate Base**

35. The allegations contained in paragraph 35 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**Count VII. Repairs to Haul Roads**

39. Admits the allegation to the extent support by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Denies the allegation for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

41. The allegations contained in paragraph 41 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**Count VIII. Remission of Liquidated Damages.**

44. Admits the allegation that the Government assessed "liquidated damages for delayed completion against Carpenter at the rate of $365.00/day." Denies that the Government assessed 92 days of liquidated damages; avers that the Government assessed 99 days of liquidated damages.

45. The allegations contained in paragraph 45 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 constitute conclusions of law and plaintiff's characterization of its case

to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 45 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**Count IX. Extended Overhead Eichleay Calculation**

48. The allegations contained in paragraph 48 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

51. Denies that plaintiff is entitled to the relief set forth in the prayer for relief beginning on page 7 of the Complaint and continuing through page 8 of the Complaint.

52. Denies each and every allegation not previously admitted or otherwise qualified.

**WHEREFORE**, defendant respectfully requests that the Court enter judgment in its favor, order the complaint be dismissed, and grant defendant such other and further relief as the Court

may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella by DAB
JAMES M. KINSELLA
Deputy Director

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorneys for Defendant

OF COUNSEL:

CHARLES A. BRIGGS
Trial Attorney
Department of the Army
Memphis District Corps of Engineers
167 North Main St. B-202
Memphis, TN 38103-1894

August 9, 2004