IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CARPENTER CONTRACTING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 04-830C |
| THE UNITED STATES, | ) | (Judge Lynn J. Bush) |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with RCFC 16 and Appendix A to this Court's Rules, the parties respectfully submit the following joint preliminary status report. The lettered and numbered paragraphs below correspond with the lettered and numbered paragraphs of Paragraph 4 and 5, Part III of Appendix A.

Paragraph 4

a. **Does the court have jurisdiction over the action?**

Plaintiff, Carpenter Contracting, Inc., believes that the Court possesses jurisdiction to hear and to decide this action. Defendant, the United States, states that, at this time, it is unaware of any bar to the Court's jurisdiction.

b. **Should the case be consolidated with any other case and the reason(s) therefore?**

No, there are no other cases that should be consolidated with this case.

c. **Should trial of liability and damages be bifurcated and the reasons therefore?**

No, any trial of liability and damages should not be bifurcated.

d. **Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefore?**

No, further proceedings in this case should not be deferred.

e. **In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?**

No remand or suspension will be sought.

f. **Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to the effect joinder?**

The parties do not anticipate joining any parties.

g. **Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?**

Whether a motion pursuant to RCFC 56 is appropriate depends upon the results of fact discovery. The parties anticipate discussing the appropriateness of a motion for summary judgment at a status conference after completing fact discovery.

h. **What are the relevant factual and legal issues?**

For the Plaintiff:

1. Whether Carpenter is entitled to compensation and an extension of the contract time because of the presence of buried subsurface debris in the excavation template (count one).

2. Whether Carpenter is entitled to compensation and an extension of the contract time because base residents destroyed Carpenter's safety fence, grade stakes, and flags (count two).

3. Whether Carpenter is entitled to compensation and an extension of the contract time for the additional embankment work

performed as a result of settlement, bulging, spreading, and errors in the Contract documents (count three).

4. Whether Carpenter is entitled to compensation and an extension of the contract time for additional work performed because of the Government’s changes to the grades in the on-site excavation area (count four).

5. Whether Carpenter is entitled to compensation and an extension of the contract time for trucking in off-site borrow (count five).

6. Whether Carpenter is entitled to compensation and an extension of the contract time for furnishing, compacting, and grading additional aggregate base, and regrading and recompacting aggregate base (count six).

7. Whether Carpenter is entitled to compensation and an extension of the contract time for repairing haul roads at the direction of the Government (count seven).

8. Whether Carpenter is entitled to remission of the liquidated damages that the Government deducted from its payments to Carpenter (count eight).

9. Whether Carpenter is entitled to recover extended overhead costs (count nine).

10. The quantum of damages that Carpenter is entitled to recover.

For the Defendant:

1. Whether the site conditions differed (count one).
2. Whether the United States breached the contract (count two).
3. Whether Carpenter Contracting performed additional work entitling it to an equitable adjustment (counts three thru seven).
4. Whether Carpenter Contracting is entitled to a return of liquidated damages (count eight).
5. Whether Carpenter Contracting is entitled to recover for overhead based upon the Eichleay formula (count nine).
6. Assuming that Carpenter Contracting proves its entitlement to any of the above, the scope of damages to which it is entitled.

i. **What is the likelihood of the settlement? Is alternative dispute resolution contemplated?**

The likelihood of settlement is unknown at this time. The parties have spoken very preliminarily about settlement. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses.

The case has been assigned to ADR Judge Christine Miller for ADR, and the parties contemplate following the procedures established in the Court's standing order prior to trial.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefore? A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, no dispositive motion is anticipated, and a bench ruling is sought. The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on the subject.**

The parties anticipate proceeding to trial, if ADR is unsuccessful. An expedited trial is not requested.

Plaintiff suggests that either Atlanta, Georgia, or Memphis, Tennessee is an appropriate location for trial. Defendant suggests that Memphis is an appropriate location.

**k. Are there any special issues regarding electronic case management needs?**

The filings are made electronically. The parties anticipate exchanging scanned versions of documents.

***l.*** **Is there any other information of which the court should be aware at this time?**

There is no other information of which the court should be aware at this time.

<u>Paragraph 5</u>: **What is the proposed discovery plan?**

The date for making initial disclosures, pursuant to RCFC 26(a), should be set at October 29, 2004.

The time for conducting fact discovery should continue for six months. During this time, the following fact depositions should be taken:

1. a representative from the plaintiff;

2. the engineer who performed survey work for the plaintiff;

3. the project supervisor for the plaintiff;

4. the Government's contracting officer;

5. the Government's engineers;

6. the contracting officer's representatives at the site.

The parties respectfully request that the Court schedule a status conference to discuss the case after fact discovery is complete. The parties should be able to assess whether expert testimony is required and what the next step in the litigation should be.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella by REK
JAMES M. KINSELLA
Deputy Director

s/ James W. Copeland
JAMES W. COPELAND
Smith, Currie &
Hancock LLP
2600 Harris Tower, Peach
Tree Center
233 Peachtree St., NE
Atlanta, GA 30303-3800
Tele: (404) 521-3800
Fax: (404) 688-0671

Attorney for Plaintiff
dated: September 29, 2004

s/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorneys for Defendant
dated: September 30, 2004