IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CARPENTER CONTRACTING, INC., Plaintiff, | ) | No. 04-830C |
| v. | ) | (Judge Lynn J. Bush) |
| THE UNITED STATES, Defendant. | ) | |

<u>DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME</u>

Defendant respectfully requests an enlargement of time of 6 months, to and including October 28, 2005, within which to complete fact discovery. Pursuant to the Court's order dated December 27, 2004, the deadline for completing fact discovery is April 29, 2004. We notified counsel for the plaintiff of our intent to request an enlargement of time and he informed us that the plaintiff will not oppose this, our first request for an enlargement of time for this purpose.

The case is proceeding more slowly than anticipated, mainly because of illnesses, and formal fact discovery has not yet begun. Instead of conducting formal discovery, the parties have focused on resolving this dispute through Alternative Dispute Resolution ("ADR"). Pursuant to the established pilot program, the Court referred this case to Judge Christine Miller for an early evaluation. At the initial ADR meeting, the parties and Judge Miller agreed that the United States should obtain an audit from Defense Contract Auditing Agency ("DCAA"). The DCAA audit should determine whether Carpenter Contracting possesses

documents to support its claims. ADR Judge Miller informed the parties that she would "hold" the case and not send the case back to the trial judge.

Completing the DCAA audit has taken an unexpectedly long time. The United States understands that Carpenter Contracting is a relatively small business run by two individuals, who are husband and wife: Mr. Carpenter and Mrs. Carpenter. Unfortunately, both Mr. Carpenter and Mrs. Carpenter suffered significant illnesses in December 2004 and January 2005. These illnesses, which required hospitalization, prevented them from meeting with the DCAA auditor, Mr. Kim Hensley.

After Mr. Hensley scheduled a meeting to obtain supporting documents from Mr. and Mrs. Carpenter, he, himself, was hospitalized with an illness. This sickness, in turn, made Mr. Hensley unable to meet with the Carpenters.

Mr. Hensley finally met with the Carpenters on April 6, 2005. When the parties met with ADR Judge Miller, no one anticipated the long delay in completing the audit. Mr. Hensley anticipates that he can complete his audit by May 20, 2005.

The case has largely been awaiting the completion of the DCAA audit. For example, the parties have not issued any formal requests for production, requests for admissions or interrogatories. The parties, however, have voluntarily exchanged some documents. The parties have not completed

document discovery or conducted any depositions.

The parties anticipated that after Mr. Hensley completed the DCAA audit, ADR Judge Miller would meet with them again. This meeting would allow a neutral party to evaluate the case.[1]

For the foregoing reasons, we respectfully request that this motion be granted and the time for completing fact discovery be enlarged until October 28, 2005. In addition, we respectfully request that the Court change the date for submitting a status report from May 13, 2005 to November 14, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

S/ Christian J. Moran
CHRISTIAN J. MORAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6299
Fax: (202) 514-7969

Attorneys for Defendant

OF COUNSEL:

CHARLES A. BRIGGS
Trial Attorney
Department of the Army
Memphis District Corps of Engineers
167 North Main St. B-202
Memphis, TN 38103-1894

April 29, 2005

[1] The United States cannot state whether it believes settlement will be likely.