IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CARPENTER CONTRACTING, INC., Plaintiff, | ) | |
| v. | ) | No. 04-830C (Judge Bush) |
| THE UNITED STATES, Defendant. | ) | |

JOINT STIPULATION FOR ENTRY OF JUDGMENT

For the purpose of disposing of plaintiff's claims, without there being any trial on the merits or adjudication of any issue of fact or law, and without constituting an admission of liability on the part of either party, and for no other purpose, the parties stipulate and agree as follows:

1. Plaintiff Carpenter Contracting, Inc. ("Carpenter") was awarded Contract no. DACW66-97-C-0052 on September 11, 1997, by the United States Army Corps of Engineers ("COE"), Memphis District, for replacement of a levee and roadway construction and realignment at the Naval Support Activity Center ("NASC") in Millington, Tennessee. Award was made pursuant to the Small Business Competitiveness Demonstration Program. Funding for the contract was provided by NSAC. COE was responsible for administering the contract.

2. On October 11, 1999, Carpenter submitted to the contracting officer a request for equitable adjustment seeking: (1) $39,963.00, for sub-surface buried debris discovered at the

project site; (2) $13,438.00, for repairing a safety fence and re-setting stakes; (3) $30,685.00, for additional embankment quantities; (4) $14,890.00, for twice lowering the elevation excavation; (5) $38,234.00 for additional fill material taken from an off-site borrow pit; (6) $33,001.00, for additional aggregate base; (7) $7,018.00, for repair of haul roads; (8) $33,580.00 for release of liquidated damages; and (9) $37,597.00 for extend home office overhead. Carpenter likewise sought an extension of the contract completion date of 115 days. The contracting officer did not issue a final decision upon Carpenter's claims.

3. On May 12, 2004, Carpenter filed a complaint in the United States Court of Federal Claims.

4 Carpenter has offered to settle each and all of its claims in exchange for payment by the United States of $85,000.00, plus interest pursuant to 41 U.S.C. § 611 commencing from October 11, 1999, with each party to bear its own costs, expenses, and attorney fees.

5. Carpenter's offer has been accepted upon behalf of the Attorney General.

6. The United States consents to entry of judgment against the United States in favor of Carpenter as set forth in paragraph 4 above.

7. Upon entry of judgment, Carpenter releases, waives, and abandons all claims identified in paragraph nos. 2 and 3 above, and all other claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or relating to the contract that is the subject matter of this case, regardless of whether the claims were included in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

8. This stipulation is in no way related to or concerned with income or other taxes for which Carpenter is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

9. Carpenter warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Carpenter further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by Carpenter,

together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

10. This stipulation is for the purposes of settling all claims currently pending in this Court, permitting entry of final judgment, and for no other purpose. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

11. James W. Copeland, Currie & Hancock LLP, represents that he has been and is authorized to enter into this stipulation upon behalf of Carpenter.

12. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director
Authorized Representative
of the Attorney General

OF COUNSEL:

CHARLES BRIGGS
Department of the Army
Memphis District Corps
of Engineers

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

AUGUST 15, 2006

Attorneys for Defendant

s/ James W. Copeland
JAMES W. COPELAND
Smith, Currie & Hancock LLP
Suite 2600 Harris Tower
Peach Tree Center
233 Peachtree St., NE
Atlanta GA 30303-1530
Tele: (404) 521-3800
Fax: (404) 688-0671

Attorneys for Plaintiff

CERTIFICATE OF FILING

I hereby certify that on August 15, 2006 a copy of foregoing "JOINT STIPULATION FOR ENTRY OF JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson